IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| S.M., INDIVIDUALLY; AND J.M., INDIVIDUALLY AND AS NEXT FRIEND OF L.M., A MINOR, § § § § | | |
| *Plaintiffs*, § | | |
| v. § | NO. 5:11-CV-645 | |
| § | | |
| SCOTT ASH JAMES ZIRUS; CAMP STEWART FOR BOYS, INC.; AND AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA § § § § § | | |
| *Defendants.* § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs S.M., Individually and J.M., Individually and as next friend of L.M., a minor, complain of Defendants Scott Ash James Zirus, Camp Stewart for Boys, Inc., American Institute for Foreign Study, Inc., d/b/a Camp America, as follows:

### A.  Parties

1.  Plaintiffs S.M. and J.M. are husband and wife. J.M. is next friend of L.M., a minor. S.M., J.M. and L.M. are resident citizens of Taylor County, Texas.[1]

2.  Defendant, Scott Ash James Zirus, is an individual currently incarcerated in the Texas Department of Corrections. Defendant may be served with process via certified mail, return receipt requested at Scott Ash James Zirus #1640002, Texas Department of Corrections, Garza East Unit, 4304 Highway 202 Beeville, Texas 78102.

---

[1] Plaintiffs have used initials in order to protect the minor's rights to privacy. *See* FED. R. CIV. P. 5.2(a)(3); *see Villanueva ex. rel. M.V. v. San Marcos Consol. I.S.D.*, 2006 WL 2591082, at n. 1 (W.D. Tex. 2006) ("Because M.V. is a minor, the Court, pursuant to this District's privacy policy, will use only the initials of M.V.").

3.  Defendant, Camp Stewart for Boys, Inc., is incorporated under the laws of the State of Texas. Defendant may be served with process by serving its President, Silas B. Ragsdale III, at 612 FM 1340, Hunt, Texas 78024-3024.

4.  Defendant, American Institute for Foreign Study, Inc. d/b/a Camp America ("Camp America") is incorporated under the laws of the State of Delaware. Defendant has its corporate headquarters in Connecticut. Defendant may be served with process by serving its registered agent for Texas, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### B.   Jurisdiction

5.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 for the causes of action asserted against Defendant Zirus pursuant to 18 U.S.C. §§ 2241(c), 2255(a). Because the state law causes of action asserted against the other Defendants arise out of the same operative facts, this Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. §1367(a).

### C.   Venue

6.  Venue is proper in this district because this civil action is brought where a defendant may be found and a substantial part of the events or omissions giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(b).

### D.   Facts

7.  Camp Stewart for Boys is an overnight camp located in Kerr County, Texas. Numerous young boys age six to sixteen attend this camp. Camp Stewart for Boys assumes full responsibility for the health and welfare of the children while the children attend the camp. As such, Camp Stewart for Boys is in loco parentis (or in the place of parents) with each child in the camp.

8. L.M. attended Camp Stewart during August, 2009. While L.M. attended Camp Stewart for Boys, he and several other young boys were sexually assaulted by a Camp Stewart for Boys camp counselor, Defendant Scott Zirus. The parents of L.M., who are referred to herein as S.M. and J.M. to protect the minor's privacy, learned of this assault from L.M. and reported it to the proper authorities. Zirus was arrested and pled guilty to charges of aggravated sexual assault of a child, sexual contact with a child and continuous sexual abuse of a child younger than 14. Under a plea bargain, Zirus agreed to forty years in prison. Zirus is currently incarcerated.

9. Camp Stewart for Boys hired Zirus as a camp counselor through Camp America. Camp America operates a worldwide organization and does business in Texas by providing staff members from other countries to work in summer camps in Texas and in other states. Camp America supplied, screened and/or offered counselors for camps in the United States, including Camp Stewart for Boys. Camp America held Zirus out as a qualified youth counselor.

10. As a camp counselor, Defendant Zirus, was under the direct supervision, authority, employ and control of Camp Stewart for Boys and Camp America.

11. Defendant Zirus was hired out of Australia by Defendants Camp America and Camp Stewart for Boys. A simple background check would have revealed that Zirus was a pedophile, unsuitable to work or live with young boys. It appears that despite the high responsibility entrusted on them, neither Camp America nor Camp Stewart for Boys did a proper background check of Zirus.

12. As a proximate result of the Defendants' acts and omissions, as specified in more detail herein, L.M. has suffered, and will continue to suffer actual damages, for which damages S.M. and J.M., as the next friend of L.M., now brings suit.

### E.   Causes of Action against Defendant Zirus

13.   **Section 2241(c)**

Defendant Zirus sexually assaulted L.M. while L.M. attended Camp Stewart for Boys. Zirus pled guilty to this offense and is currently serving 40 years in the Texas Department of Corrections. By crossing a state line with intent to engage in a sexual act with a minor under age 12, Zirus violated 18 U.S.C. § 2241(c). Plaintiffs are granted a private right to bring this cause of action pursuant to 18 U.S.C.§2255(a). That private cause of action entitles the minor Plaintiff to recover actual damages, which are presumed to be no less than $150,000 and reasonable attorney's fees.

14.   **Sexual Assault and Battery**

Defendant Zirus intentionally, knowingly and recklessly made contact with the minor Plaintiff's person and caused him injury. Defendant Zirus also committed battery, which is the offensive touching of L.M. For those reasons, the minor Plaintiff is entitled to recover actual damages, including past and future mental anguish, and exemplary damages.

15.   **Intentional Infliction of Emotional Distress**

Defendant Zirus' conduct in sexually assaulting, sexually molesting, and sexually abusing L.M. was extreme and outrageous, it was done intentionally or recklessly, and it proximately caused the minor Plaintiff severe emotional distress. The Defendant Zirus' conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized society. Defendant Zirus' intentional infliction of emotional distress was the proximate cause of the minor Plaintiff's actual damages, and also entitles the minor Plaintiff to exemplary damages.

### F.   Causes of Action against other Defendants

16.   **Negligence**

Defendants Camp Stewart for Boys and Camp America were negligent in hiring, supervising, training and retaining Scott Zirus as a camp counselor at Camp Stewart for Boys. Further, Defendants are liable for failing to warn L.M. and his parents about the foreseeable risks of sexual abuse. Defendants' negligence was a proximate cause of Plaintiff's actual damages. And, because the Defendants were guilty of gross negligence or malice, Plaintiff is entitled to exemplary damages.

17.   **Intentional Infliction of Emotional Distress**

Defendants' conduct was extreme and outrageous, it was done intentionally or recklessly, and it proximately caused the minor Plaintiff severe emotional distress. The Defendants' conduct in failing to properly screen, supervise, or train counselors who are working with young children is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized society. Defendants' intentional infliction of emotional distress was the proximate cause of the minor Plaintiff' actual damages, and entitles the minor Plaintiff to exemplary damages.

18.   **Breach of Fiduciary Duty/Aiding and Abetting**

Because of being in loco parentis to L.M., Camp Stewart for Boys owed a fiduciary duty to L.M. Not only is that a formal fiduciary relationship, but the parties also had an informal fiduciary duty arising from the extreme trust and confidence reposed in the safety and security of the overnight camp. Camp Stewart for Boys breached its fiduciary duty by failing to put the interests of L.M. ahead of its own and by failing to disclose all material facts to L.M. and his parents. Camp America is liable for aiding and abetting Camp Stewart for Boys' breach of fiduciary duties. Camp Stewart for Boys' breach of fiduciary duties caused the minor Plaintiff to

suffer actual damages, for which the Defendants are liable. The minor Plaintiff is also entitled to recover exemplary damages and equitable remedies, including disgorgement of fees.

19.  **Fraud**

Defendant Camp Stewart for Boys made false representations about the safety of its camp, the quality of its counselors and the camp's efforts to check out those counselors prior to employment. Camp Stewart for Boys represented that it thoroughly checks counselor's backgrounds prior to employment. This representation was false when made and was made knowing parents would actually rely on it when deciding to entrust their son's safety to Defendant. As a result of reliance on these misrepresentations, S.M. and J.M. as next friend of L.M. suffered damages.

20.  **Negligent Misrepresentation**

Defendant Camp Stewart for Boys negligently represented the nature of its efforts to check out counselors prior to employment. The Defendant represented that counselors were required to provide at least three references before they were employed. These representations included the statement "We must have at least 3 references on hand before (sic) can make you a job offer." Defendant Camp Stewart for Boys has never produced any references it obtained for Zirus. The only records produced show only one reference was ever obtained. Defendant negligently misrepresented to parents that their children would be protected by diligent efforts to investigate counselor's backgrounds. S.M. and J.M. as next friend of L.M. suffered damages as a result of this negligent misrepresentation.

21.  **Negligence Claims Based on Hiring or Supervising Employees**

Defendant Camp Stewart for Boys breached its duty to use ordinary care in hiring and supervising its employees, including Defendant Zirus. Defendant Camp Stewart for Boys failed to take reasonable steps to independently investigate Defendant Zirus' background relying

instead on Defendant Camp America to do the work. Evidence shows Camp America apparently also failed to conduct any independent investigation of Defendant Zirus, relying instead on unidentified third parties. S.M. and J.M. as next friend of L.M. suffered damages as a result of this breach of duty.

22. **Joint Liability: AFIS and Camp America**

At this early stage of the case, before any discovery has occurred, Plaintiffs are not certain of the relationship between AFIS and Camp America. Plaintiffs request the opportunity to amend the Complaint after such discovery takes place. However, for purposes of their joint liability for the above torts, Plaintiffs allege that AFIS and Camp America were alter egos of each other, engaged in a joint venture or engaged in a conspiracy. Alternatively, Camp America was subject to the supervision and control of AFIS. Alternatively, AFIS is vicariously liable for the conduct of Camp America, which was done within the course and scope of its agency or employment for AFIS.

### G.   Damages

23.   As a direct and proximate result of Defendants' conduct, as set forth above, minor Plaintiffs are entitled to recover damages from the Defendants as follows:

- a.   mental anguish in the past and future;
- b.   medical expenses in the past and future;
- c.   physical impairment in the past and future;
- d.   exemplary damages, without limitation on the dollar amount of exemplary damages, *see* Tex. Civ. Prac. & Rem. Code §41.008(c)(5)(6);
- e.   reasonable and necessary attorney's fees;
- f.   prejudgment and post judgment interest;
- g.   costs of court;
- h.   such other relief, at law and in equity, to which Plaintiffs shall be entitled.

## H. JURY TRIAL

Trial by jury is hereby demanded, and the appropriate fee has been tendered concurrent with the filing of this suit.

Respectfully submitted,

THE SOECHTING LAW FIRM

Charles E. Soechting
State Bar No. 18821300
400 West Hopkins, Suite 100
San Marcos, Texas 78666
Telephone: (512) 396-2900
Telecopier: (512) 392-6205

And

SAWICKI & LAUTEN, L.L.P.

MICHAEL G. SAWICKI
State Bar No. 17692500
4040 N. Central Expressway, Ste. 850
Dallas, Texas 75204
Telephone: (214) 468-8844
Telecopier: (214) 468-8845

BY: /s/ Charles E. Soechting
Charles E. Soechting
State Bar No. 18821300

ATTORNEYS FOR PLAINTIFFS

*Plaintiffs' Original Complaint*