IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| S.M., INDIVIDUALLY AND J.M., INDIVIDUALLY AND AS NEXT FRIEND OF L.M., A MINOR | § § § § | |
| V. | § § | NO. 5:11-cv-645 [JURY REQUESTED] |
| SCOTT ASH JAMES ZIRUS; CAMP STEWART FOR BOYS, INC.; AND AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA | § § § § | |

# ORIGINAL ANSWER OF DEFENDANT AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA, one of the Defendants in the above-styled and numbered cause, and for answer to Plaintiffs' Original Complaint would show unto the Court the following:

## I.
## ORIGINAL ANSWER

1.　Paragraph 1 of Plaintiffs' Original Complaint contains party information that need not be admitted or denied.

2.　Paragraph 2 of Plaintiffs' Original Complaint contains party information that need not be admitted or denied.

3.　Paragraph 3 of Plaintiffs' Original Complaint contains party information that need not be admitted or denied.

4.　Paragraph 4 of Plaintiffs' Original Complaint contains party information that need not be admitted or denied.

5.　Paragraph 5 of Plaintiffs' Original Complaint contains jurisdiction information that need not be admitted or denied.

6. Paragraph 6 contains venue information that need not be admitted or denied.

7. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of Plaintiffs' Original Complaint.

8. Defendant admits the allegations in sentences 4 through 6 of paragraph 8 of Plaintiffs' Original Complaint. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of paragraph 8.

9. Defendant admits the allegations in sentence 1 of paragraph 9 of Plaintiffs' Original Complaint. This Defendant denies the allegations contained in the remainder of paragraph 9.

10. This Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Original Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Original Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Original Complaint.

13. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiffs' Original Complaint.

14. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiffs' Original Complaint.

15. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiffs' Original Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Original Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Original Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Original Complaint).

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Original Complaint).

20. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Original Complaint).

21. Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Original Complaint).

22. Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Original Complaint).

23. Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Original Complaint).

## II.
## AFFIRMATIVE DEFENSES

*Affirmative Defense No. 1:*

24. This Defendant invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which this Defendant would be entitled as a result of jury findings against other persons or entities. In this connection, this Defendant reserves the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determinations.

*Affirmative Defense No. 2:*

25. Should Plaintiffs make a claim for punitive damages at any time, this Defendant further invokes its rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that the Plaintiffs' pleading for punitive and/or exemplary damages is violative of the Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

1. in an amount left to the discretion of the jury and judge;

2. in assessing such penalty or exemplary awards, plaintiff(s) need not prove the theory of gross negligence on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

3. further, the defendant(s) who is subject to the award does not have the right to refuse to testify against itself, but must, in fact, take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment;

4. the assessment of such a punishment and/or exemplary award is not based upon a clearly-defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine; and, in effect, allows the assessment of such awards even though there are not specific standards, limits or other statutory requirements set forth which define the *mens rea* and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

5. in essence, defendant(s) is subjected to all the hazards and risks of what amounts to a fine and, in fact such awards often exceed normal criminal fines, but defendant(s) receives none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

  6. the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar defendants in dissimilar ways.

### *Affirmative Defense No. 3:*

26. Further, if such be necessary, this Defendant further affirmatively pleads that the assessment and award of punitive and/or exemplary damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution in that such awards potentially constitute an excessive fine imposed without the protections of fundamental due process.

### *Affirmative Defense No. 4:*

27. Accordingly, this Defendant invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of the Defendant's United States Constitutional rights.

### *Affirmative Defense No. 5:*

28. Defendant would further invoke its right under the Fifth Amendment to the United States Constitution wherein it reads in part, "No person shall be . . . deprived of . . . property, without due process of law; . . ." for the same reasons enumerated above.

### *Affirmative Defense No. 6:*

29. The acts or omissions of other persons or entities over whom this Defendant had no control were the sole and/or proximate cause of the alleged occurrence made the basis of this suit. In particular, Scott Ash James Zirus was the sole proximate cause of the injuries to Plaintiff.

*Affirmative Defense No. 7*

30.   This Defendant affirmatively pleads that federal statutes and regulations preempt Plaintiffs' state law causes of action against this Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant, AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A CAMP AMERICA, prays that Plaintiffs take nothing by reason of this suit and that Defendant recover its costs and for such other and further relief to which it may show itself justly entitled.

                                      Respectfully submitted,

                                      **RYMER, MOORE, JACKSON & ECHOLS**

                                      By: _____/s/ *Nathan M. Rymer*___
                                              Nathan M. Rymer
                                              State Bar No. 00792814
                                              2801 Post Oak Blvd., Suite 250
                                              Houston, Texas 77056
                                              Telephone: (713) 626-1550
                                              Facsimile:  (713) 626-1558

                                    ATTORNEY-IN-CHARGE FOR DEFENDANT
                                    COMPTON ENTERPRISES, INC.

- 7 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon the following counsel of record herein by method indicated on this 27th day of September, 2011.

    Mr. Charles E. Soechting                                                 – *Electronic Filing*
    The Soechting Law Firm
    400 West Hopkins, Suite 100
    San Marcos, Texas 78666

    Mr. Michael G. Sawicki                                                 – *Electronic Filing*
    Sawicki & Lauten
    4040 N. Central Expwy., Suite 850
    Dallas, Texas 75204

    Mr. Scott Ash James Zirus                                            – *Regular Mail*
    SID No. 1640002
    Texas Department of Corrections
    Garza East Unit
    4304 Hwy. 202
    Beeville, Texas 78102

                                                                       */s/ Nathan M. Rymer*
                                                                      Nathan M. Rymer