# In the United States District Court for the Western District of Texas

| | |
|---|---|
| S.M., INDIVIDUALLY; AND J.M., INDIVIDUALLY AND AS NEXT FRIEND OF L.M., A MINOR<br><br>v.<br><br>SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS, INC.; AND AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D.B/A CAMP AMERICA | §§§§§§§§§§§<br><br>5:11-CV-645-XR |

## ORDER

On this day came on to be considered Defendant Zirus's motion to dismiss (doc. no. 5).

### Background

Plaintiff alleges that L.M. attended Camp Stewart for Boys for three weeks during August 2009. Plaintiff alleges that a camp counselor, Defendant Scott Zirus sexually assaulted him and other campers.

L.M.'s parents learned of the assault and reported the assault to law enforcement officials. Zirus was arrested, charged with aggravated sexual assault of a child, and pursuant to a plea agreement was sentenced to forty years imprisonment. Zirus is currently incarcerated.

Plaintiff alleges that Camp Stewart hired Zirus through an American Institute for Foreign Study, Inc. (AIFS) program called Camp America. Plaintiff alleges that Camp America is a world-wide organization that screens potential camp counselors from other countries to work in summer

camps in Texas and across the United States. Plaintiff alleges that had Defendants conducted a background check of Zirus they would have discovered that he was a pedophile, unsuitable to live and work with children.

By crossing state or interstate lines with intent to engage in sexual acts with children, Plaintiff alleges that Zirus violated 18 U.S.C. § 2241(c), and that this civil action is proper under 18 U.S.C. § 2255(a). Plaintiff also asserts state common law causes of action for battery and intentional infliction of emotional distress against Zirus.

With regard to Defendants Camp Stewart, AIFS and Camp America, Plaintiff asserts a cause of action for negligent hiring, retention, supervision and training. Plaintiff also asserts an intentional infliction of emotional distress claim, fraud and negligent misrepresentation claims against these defendants. Further, Plaintiff asserts that Camp Stewart breached its fiduciary duty to L.M. and that AIFS and Camp America aided and abetted this breach.

**Zirus's Motion to Dismiss (doc. no. 5)**

Defendant argues that this court lacks subject matter jurisdiction. Zirus argues that he pled guilty[1] to crimes under Texas Penal Code §§ 21.11[2] and 21.02[3]. Thus, Defendant argues

---

[1] He is now attempting to revoke that plea apparently.

[2] (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
(1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
(2) with intent to arouse or gratify the sexual desire of any person:
(A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
(B) causes the child to expose the child's anus or any part of the child's genitals.

[3] (b) A person commits an offense if:
(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

that he was not indicted or found guilty of violating 18 U.S.C. § 2241(c)[4] and L.M. was not a victim pursuant to 18 U.S.C. § 2241(c) or 18 U.S.C. § 2255(a)[5].

Plaintiff responds that Zirus need not have been convicted of violating 18 U.S.C. §

---

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.
(C) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:
(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;
(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;
(3) sexual assault under Section 22.011;
(4) aggravated sexual assault under Section 22.021;
(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);
(6) sexual performance by a child under Section 43.25;
(7) trafficking of persons under Section 20A.02(a)(7) or (8); and
(8) compelling prostitution under Section 43.05(a)(2).

[4]Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

[5]Any person who, while a minor, was a victim of a violation of section 2241©), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

2241(c) to establish a civil cause of action under 18 U.S.C. § 2255(a). Plaintiff argues that Zirus need only have committed the elements of that offense. This Court agrees with Plaintiff's interpretation. *See Cisneros v. Aragon*, 485 F.3d 1226, 1232 (10th Cir. 2007)(assuming that a criminal conviction is not necessary for a defendant to face civil liability under the statute); *Doe v. Schneider*, 667 F.Supp.2d 524, 529-530 (E.D. Pa. 2009)(requiring only that proper predicate statutes to section 2255 are alleged in the complaint, along with supporting facts); *Doe v. Epstein*, 2009 WL 2477304 (S.D. Fla. 2009)(same); *Doe v. Boland*, 2007 WL 4189471 (N.D. Ohio 2007); *Doe v. Liberatore*, 478 F.Supp.2d 742 (M.D. Pa. 2007); *Smith v. Husband*, 376 F.Supp.2d 603 (E.D. Va. 2005).

In this case, Plaintiff has alleged that Zirus was hired by Defendants in Australia. He thereafter traveled to Camp Stewart's facility in Kerr County, Texas where he began his employment and abuse of the children. Plaintiff alleges that Zirus crossed the state lines with the intent to engage in sexual acts with minors under the age of 12. Plaintiff further alleges that by his actions, Zirus violated 18 U.S.C. § 2241(c). Plaintiff alleges that Zirus pled guilty to charges of aggravated sexual assault of a child, sexual contact with a child and continuos sexual abuse of a child younger than 14. Plaintiff has pled the proper predicate statute (section 2241(c)) to section 2255, along with supporting facts. Accordingly, this Court has subject matter jurisdiction.

Zirus also argues that maintaining this civil lawsuit violates the double jeopardy clause and violates the United Nations Universal Declaration of Human Rights, articles 7, 10, 11 and 12. As stated above, this Court has subject matter jurisdiction in this civil case. Zirus's blanket invocation of the double jeopardy clause and the United Nations Universal Declaration of Human

Rights does not alter this analysis.  Zirus's motion to dismiss (doc. no. 5) is denied.

## Conclusion

Zirus's motion to dismiss (doc. no. 5) is denied.

It is so ORDERED.

SIGNED this 28th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE